UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

KENNI RAYMON ALONZO,
      *Defendant-Appellant.*

No. 01-4227

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

CHRISTOPHER LEON MOORE,
      *Defendant-Appellant.*

No. 01-4229

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-130)

Submitted: October 31, 2001

Decided: December 17, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant Alonzo; Gregory M. Courtright,

COLLINS & COURTRIGHT, Charleston, West Virginia, for Appellant Moore. Stephen M. Horn, Acting United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kenni Raymon Alonzo and Christopher Leon Moore were convicted by a jury of conspiracy to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (1994), and distribution of crack. 21 U.S.C.A. § 841(a) (West 1999). Alonzo was also convicted of using or carrying a firearm during and in relation to a drug trafficking crime. 18 U.S.C.A. § 924(c) (West 2000). Both received sentences of 360 months imprisonment for the conspiracy. Alonzo was sentenced to a consecutive five-year term for the § 924(c) conviction. Alonzo and Moore appeal their convictions and sentences.

Appellants first claim that the district court erred in reviewing less than the entirety of the record of a grand jury investigation into improprieties at the state police laboratory where the government's drug evidence was initially analyzed. They argue that they were thus denied the opportunity to discover information that might have led them to exculpatory or impeaching material that would have resulted in the dismissal of the indictment. The Due Process Clause requires the government to disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) (evidence affecting the credibility of prosecution witnesses); *Brady v. Maryland*, 373 U.S. 83, 86-88 (1963) (exculpatory evidence). Due process is violated if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the government;

and (3) is material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). A reasonable probability is one sufficient to undermine confidence in the outcome. *Kyles*, 514 U.S. at 434.

Appellants do not identify any exculpatory or impeaching material that was relevant to their prosecution which the government failed to disclose. They contend that such material might exist. Our review of the record discloses that the potential effect of improprieties at the state laboratory was explored in full and all information relevant to Appellants' cases was provided to them. The government's drug evidence was retested at a Drug Enforcement Administration laboratory and at an independent laboratory chosen by defense counsel. Appellants' speculative claim that the undisclosed portions of the grand jury record might have revealed problems with the chain of custody is not supported by the record. At trial, although the government produced no testimony by the state laboratory employees who were under investigation, it introduced other evidence that established the chain of custody for its drug evidence. *See United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982) (missing link in chain of custody not bar to admission of evidence if "there is sufficient proof that evidence is what it purports to be and has not been altered in any material aspect").

Apart from the constitutional requirements of *Brady* and *Giglio*, pretrial discovery of grand jury proceedings in federal criminal trials is governed by Rule 16 of the Federal Rules of Criminal Procedure. *United States v. Nobles*, 422 U.S. 225, 235 (1975). Grand jury testimony may be disclosed to a defendant "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(3)(C)(ii). Moore and Alonzo made no such showing. We find that the district court's denial of their request for a review of the entire grand jury investigation was not an abuse of discretion. *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991) (stating standard).

Appellants' remaining claims are also without merit. Alonzo and Moore were subject to a statutory sentencing range of ten years to life based on their convictions under Count One of conspiracy to distribute fifty or more grams of crack. The government proved that quantity of crack beyond a reasonable doubt, thus satisfying the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). The district court did not err in determining the quantity of crack that was attributable to them as relevant conduct in determining their sentencing guideline range within the statutory range pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1 (2000). *See United States v. Promise*, 255 F.3d 150, 156 n.5 (4th Cir. 2001), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). Appellants cannot show that the district court clearly erred in determining the amount of crack attributable to them because, even though the district court accepted the recommendations of the probation officer concerning the total quantity of crack attributable to them, the court also correctly found that their base offense levels would be the same if the calculation were based only on the minimum quantity of fifty grams of crack. Evidence produced at trial and at sentencing supported Moore's weapon enhancement, USSG § 2D1.1(b)(1), Alonzo's four-level adjustment for being a leader or organizer of the conspiracy, and Moore's three-level adjustment for being a manager or supervisor. USSG § 3B1.1(a), (b).

We therefore affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*